Spiegel, you may proceed. Mr. Rice, you ready? Good morning, your honors. As the court knows, this is a case the merits of which concern whether the plaintiffs allege a claim for compensation discrimination in their 1998 complaints. Who's your client on the appeal? The five named individuals, your honor, of Ms. Well, the question is actually asked more broadly. We have a motion, I guess, by the Boeing Company to basically dismiss for lack of jurisdiction. And frankly, I've been puzzling over the record in this case trying to figure out exactly who's on first. A couple of reasons that don't relate to the motion to dismiss that may have caused some issues is that there were both salaried and non-salaried plaintiffs in the original cases. There were employees of what is called Heritage Boeing, which is the initial Boeing Company, and there are employees of what are called non-Heritage Boeing Companies, such as McDonnell Douglas. It's the parties agree without question that this case concerns only non-I'm sorry, only Heritage Boeing employees. There's another case in Chicago for non-Heritage Boeing employees. Who's your plaintiff now? Who is the plaintiff now? Yeah. The five for the Heritage Boeing are the ones named in the caption of this case. Mara Ferrari, Rhonda Capps, Kevin Bigelow, Beverly Trotter, and Doreen Ferguson, who are all salaried employees or were. All right. They're the ones who went back for trial. The Heritage. Let me lay out the facts. I mean, I think we'll clear this up. And I'm not going to go back to 1998. And when did those five become plaintiffs? Back in 1998. In 98? Yes. And what happened was in January of 2005, a series of three orders came out from Judge Peckman after obviously after this case was remanded following the state and decision. The court first granted Boeing's motion for partial summary judgment relating to compensation claims before May 28, 2000. So they're out of here. No, that is exactly what we are. That's the what we're bringing to this court. That is that in the original complaint? Well, the district court held that it wasn't. And was it? Yes. And that is when we get to the merits. So if you want me to get there right now, I will. This is the compensation discrimination claims which we're arguing about between the first and the second amendment. Correct. That's right. And so Judge Peckman held that the 2004 complaint that we filed, our law firm filed, was the first one to allege compensation discrimination. And in the motion, the order addressing Boeing's motion for partial summary judgment and in a follow-up order on reconsideration, Judge Peckman ruled that the compensation claims were not alleged in the 1998 complaints. Therefore, under the statute of limitations, the plaintiffs could only allege compensation discrimination going back to May 28, 2000. Now, I hope the court doesn't mind. From now on, I'll drop the 28th and talk about pre-May and post-May. It's not accurate. But I think we'll all be on the same page. We're with you with the short end. Okay. So that was the first ruling. Next, the court certified a class for Boeing, Heritage Boeing employees, for claims of compensation discrimination and promotion discrimination. Boeing moved to decertify the compensation discrimination class with a two-pronged argument. First, based on the court's previous ruling that the statute of limitations only allowed the plaintiffs to go back to May 28, 2000, anything before that couldn't be certified because the plaintiffs, the named plaintiffs, didn't have a claim prior to May of 2000. Secondly, the court ruled that on summary judgment on the merits for the post-May 2000 compensation claims that the plaintiffs didn't have a case. We don't disagree with that. We are not challenging that ruling because we never presented evidence to the court for the post-May 2000 compensation discrimination. Our claim all along has been that the discrimination took place in the 1990s and into 2000. Okay. Let me just make sure I'm with you so far. So as I understand the record, the five named plaintiffs have all disclaimed that they have any post-May compensation discrimination claims. And in fact, the case has been dismissed with regard to whatever other remaining claims they might have had. So the only interest they have left is the issues that are before us on this appeal. Exactly. That would be the pre-May compensation discrimination claim. That's exactly right. We're not making any other claim in this court or in any other court. Okay. So if you can work an answer into this question as you go forward, I just want to make sure I'm clear on what it was that they dismissed when that order was entered. Yes. So in January of 2005 and early February, the three orders I just discussed were entered. A year later, approximately, the promotion claim on behalf of the class members, the class discrimination claims were heard. Now, it's important to note that the individual plaintiffs' individual claims for promotion discrimination were not heard in that trial. All that was heard was the class claims for promotion discrimination. And Boeing prevailed a trial on that. So after that trial, what remained in the district court that had not been resolved by the district court were individual promotion claims. I'm confused. Yes. If they're the class representatives, why wouldn't their claims necessarily have been decided at trial in 2006? Because the Supreme Court has decided, I believe the case is Cooper, and please excuse me if I'm wrong, that class discrimination claims are proved one way. We were not proving the individual claims. Now, Judge Peckman, frankly, wasn't happy afterwards when we all realized that the party simply hadn't been heard by the trial finders of fact. Those individual promotion claims still remained. So at that point Can you say individual only of the name Blank? Yes. Correct. Go ahead. That's right. And so at that point This may be a newly complicated and already complicated case, but why wouldn't it be collateral estoppel at that point and subject to immediate motion for summary judgment by the company if they tried to relitigate the issue if they were members of the class and the class judgment was entered adversely? Because it's as the court knows, it may well be that a company doesn't discriminate against a class of people, but does discriminate against an individual. So that individual may be able to show that although the class couldn't establish what it had to establish to show across-the-board discrimination, an individual might be able to show that a certain individual used discriminatory language toward them, that that particular supervisor did discriminate in that particular case. And so it wouldn't be a case where we're relying on statistical evidence and the like. So those individual promotion claims remain. And after the trial, Judge Pecklin entered final judgment under Rule 54. Pursuant to that, we filed a notice of appeal in which we specified, as I'm sure the Court knows, the three orders that I discussed before. And it's important to go back to that, because Boeing says that, well, no, you didn't appeal the individual compensation claims, but we did. The very first order listed in our notice of appeal is the order that had nothing to do with class claims, but in which Judge Pecklin agreed with Boeing that the individual plaintiffs did not allege any compensation claim until 2004. We appealed that. We appealed the order on reconsideration of that ruling. And we also explicitly appealed from the order decertifying the class and granting summary judgment on the merits for the post-May 2000 claims. So as of early 2006, we had appealed those orders to this Court. The briefing was completed by September of 2006. We filed our reply brief. In October of 2006, Judge Pecklin said, where are we? I want to know where we are, because there were a large number of individual plaintiffs, because there, in 1998, there was a class complaint filed, but also a complaint with a different number, with a large number of individual plaintiffs. So Judge Pecklin said, okay, where are we? I want to know where we are. And so Boeing and Plaintiffs' Counsel drafted a joint status report. And Boeing points to that joint status report where we say that our clients, the five and others, but for purposes of this appeal, the five appellants, wanted to dismiss their claims with prejudice. And Boeing says that includes the compensation claims. But that's not right. And the first way I'd like to show the Court that that's not right is to point to the first page of the joint status report, which is found at page SER602. And in that first paragraph, the parties explain that they're filing the joint status report in response to Judge Pecklin's October 2006 order. And here's what the parties agreed they were doing. They agreed that in the October 31st, 2006 order, Judge Pecklin ordered the parties to, quote, set forth their respective positions on how to proceed with any individual claims that remain, close quote. We knew, and Boeing knew, that at that point, what the district court wanted to know is, what's before me? And what am I going to do with it? Do I have to set a trial date? Do I have to set a trial date on the individual promotion claims? And what other claims do you claim that you still have in front of me? Because I need to set an order, and I need to know what to do. The compensation claims did not remain. The court had rejected the compensation claims almost two years before that. They had been appealed to this court. The briefing was complete. So when we said we were dismissing claims with prejudice, we weren't referring to the compensation claims. And Boeing takes that statement out of context. In addition, when we filed the motion to dismiss, we explicitly referred to this appeal, and we stated in a footnote that the five appellants, and a couple others who are now out of the case, were not waiving their right to appeal. We were being extra careful to make it clear that that was in this court's hands already. And in the order dismissing claims with prejudice, Judge Pecklin explicitly said that it had no effect on this case. Now, Boeing's response to that is, well, Judge Pecklin can't preserve appellate rights just by saying that. But they're looking at it backwards. Judge Pecklin was recognizing that what she was concerned with at that point is what do I do with claims that remain before me? And plaintiffs, what is it that you want to do with claims that are before me? Okay. So if your reservation of rights, if I can use that term, included whatever was before the Ninth Circuit, why shouldn't we find that you voluntarily dismissed whatever else remained as to these plaintiffs that are not included on appeal? We did. Okay. All right. Okay. This case has now come down to the claims before this Court. We are not trying to resurrect any promotion claim or any other claim. Just five individuals. And those five individuals and their class claim, because we believe that that will be resurrected, and just to make sure The class claim for compensation discrimination. Right. For the pre-May 2000. Not post-May. We're done with the post-May. We agree. And it seems to me everything you said up to this point is almost so preliminary. Yes. Because it seems to me the key question is, are the earlier complaints reasonably susceptible of being read as pleading a wage claim or a compensation claim? Isn't that the key question here? I agree. I spent the first 14 minutes discussing it. Why do you think Peckman was wrong? Because we think there's a very simple reason why Judge Peckman erred on this matter, and that is that Boeing specifically admitted in the consent decree what the complaint alleged. But the consent decree never became effective, and it says in the consent decree, you know, you can't use this for anything else. No, it doesn't say that, Your Honor. But with all due respect, it says it's not admissible. Well, it says it's not effective until, in essence, you have a final judgment, which includes all the way through certiorari to the United States Supreme Court. If necessary. And you never got there because a panel of our court reversed it and sent it back down. I think we're all saying you have to depend on something else. Well, if I may, though, follow up on that. Nothing was reversed on the class certification ruling. This court in Staten explicitly – The agreement was set aside. The settlement itself, not the settlement class certification order. The Staten court went to great lengths to affirm and discuss it. The consent decree was set aside, and it is the language of the consent decree that you're relying on. And this court said in Staten that the plaintiffs alleged a complex of discriminatory acts that included compensation in addition to promotions. The initial complaint talked about the fact that the executives knew that there was discrimination in wages. Each of the named plaintiffs said that they were discriminated against in various ways, plus other terms and conditions of employment. And then the question was, what does that mean? So are you arguing to us that the panel somehow breathed new life into your compensation discrimination claims in its opinion, independent of the consent decree? No. What I am doing is I am saying that Boeing took the position in an attempt to get a resolution of the compensation claims to get them released on behalf of the class for the entire 1990s period. There is no dispute that that consent decree called for settlement and resolution of compensation claims. Well, yeah, because it is what any good lawyer would do. They wrote the broadest possible release language that they could to make sure that this thing was done once and for all. I have two responses to that, and that is that they did not write it as a release. They specifically stated that the complaint alleged discrimination and compensation. In addition, as we pointed out in our briefs, under this court's ---- Excuse me. The page cite to that, because I don't read it quite that clearly. Where in the consent decree do they say that? On the fifth and sixth pages of the consent decree, which are ER 50 and 51. On page five, the alleged class action is defined as a complaint against Boeing. Page six says that in the alleged class actions. You said 50 and 51. What language are you looking at? If you look under litigation background on ER 50, Your Honor. Yes. The second paragraph. Yes. On June 6th. I'm sorry. Quote. On June 6th, 1998, 16 current employees of Boeing, including 12 of the plaintiffs in the Seattle individual action, filed the alleged class action, a complaint against Boeing pursuant to Rule 23 of the Federal Rules of Civil Procedure. Close quote. Right. On the next page, it says the plaintiffs in the alleged class action contend that Boeing has engaged in a policy or pattern or practice of unlawful discrimination on the basis of race against them and against allegedly similar situated African-American employees throughout all of Boeing's United States operations in respect to. Then it lists a number of matters, one of which is compensation. Right. As it relates to promotions. It doesn't say that there, Your Honor. It says compensation. It doesn't say compensation. But the district court ruled, did it not, on summary judgment, that to the extent that compensation was involved in the original complaint, it was the pay that went along with the promotions that they were denied, in essence being paid at higher rates for promotions they didn't get. That's not how Boeing interpreted it, as shown here and as shown in this court's opinion. I hear your argument. I just don't read the language as broadly as you're reading it. This does not say compensation related to promotions. Boeing does not contest that it was seeking to release all claims of compensation discrimination, whether related to promotions or not. Let me go ahead, then. In any event, whether this document, your argument is that they are now judicially stopped from taking the position that they're taking before us on this issue. That's one of the arguments. The other is that under this court's precedent, for example, the class plaintiff's case and the Raines decision, R-E-Y-N-apostrophe-S, a class action is very different than a private action in terms of what can be settled and what can be released. Claims can only be released if they're based on the identical factual predicate, as the claims alleged in the complaint. In the class plaintiff's case, this court said that claims arise out of the identical factual predicate if they're based on the same common core of operative facts, as the claims alleged in the complaint. So in order to settle and release the compensation claims unrelated to promotions, which was done. I see I'm over. May I continue? Yeah, go ahead and finish your. Which was done. Boeing had to be saying one of two things. You allege compensation discrimination apart from promotions discrimination, or compensation discrimination unrelated to promotions discrimination arises out of the identical predicate facts, which are, come from a common core of nucleus, a common nucleus of operative facts. That is the same standard, the exact same language for relation back. So even if the initial complaints did not allege compensation discrimination, by settling and releasing compensation claims unrelated to promotion, Boeing was necessarily taking the position that those claims arose out of the identical predicate facts. Because it's important to note that the class plaintiff's decision by this court, that's the name of the case in case I'm not being clear, was decided in 1994. So when we file our claim in 2004, and Boeing doesn't move to dismiss individuals claims of compensation discrimination, it moves for summary judgment on those claims. Those claims necessarily relate back because it's the same standard that applies in determining whether claims not alleged can be settled in a class action as applies in determining whether the complaint relates back. Okay. I think we have your position. Let's hear what the company has to say. Thank you, Your Honors. Michael Rice representing the Boeing Company. Excuse me. There are three issues to talk about. First, jurisdiction, of course. And then if we get to it, either class certification or the statute of limitations, and I would like to do them in that order. But to understand the nature of the claim, the jurisdictional issue and why the motion to dismiss is correct, you need to understand a little bit about the background which the court was struggling with and particularly the difference between the individual claims and the class claims. And here's the history of the case. In 1998, claims were filed on behalf of a whole group of individuals that only alleged promotion claims for those individuals. And that's what the individual allegations said. I can walk you through those. That's what the declarants said in opposing the Boeing motion to dismiss. That's what counsel said. The individuals only alleged promotion claims. And then there was a settlement and the court has rightly pointed out the releases were very broad and that is permissible. And your position is that compensation was as it related to the promotions. That's exactly right. Not to discrimination in compensation. That's exactly right. And actually the only place compensation appears in there is in a stray remark that is in the pleadings that does not relate to the individual claims, again, and it makes clear that the compensation remark that they're talking about actually had to do with gender, not race. But the plaintiffs were only alleging promotion claims, the individuals. That's what their counsel said. That's what they said. I can walk back through that in a bit. When the settlement was overturned, new counsel were appointed and they amended the complaint in 2004 and they added a new class claim. That's paragraph 60 of the second amended complaint. It's a new class claim that's identical to class claims of compensation discrimination that these counsels were pursuing against Boeing and for other jurisdictions, Oklahoma, Kansas, California, and Missouri. So they added the class claim, but they didn't change the name plaintiffs. They didn't add any new plaintiffs. These plaintiffs have never alleged compensation claims. The court recognized that and set the four-year statute of limitations and then eventually decertified the class,  I'm sorry, but decertified the class for what reason? Well, at the time, the court first, the district court first found that the new class claim of compensation discrimination only went back four years. So she said, I'm not going to look at anything before 2000, so it took me 2000. Then after Merritt's discovery, we showed that these individuals did not allege and did not have any evidence of compensation discrimination in the post-2000 period, which. You mean personally? Personally, right. And so summary judgment was entered as to their individual post-2000 compensation claims, and then because there was no class representative pursuing those claims, the district court decertified the class, and in her decertification order, this is in November of 2005, she said any individual, this doesn't adjudicate the rights of absent class members, any individual could bring a new case involving compensation discrimination claims either as an individual case or as a class action, or as a class action. That's in her order of November of 2005. At that point, Plaintiff's counsel said, well, can't we add a new class, a new name plaintiff, and the court said, no, you can't amend the pleadings. It's November of 2005. This case is going to trial next month. And that decision, which would only be reviewed on an abuse of discretion standard, is not an abuse of discretion. This case had been pending, claims had been pending for 10 years, and so there has never been an individual alleging a claim of compensation discrimination. I'd like to walk through, though. And I take it no new individual cases were filed and no new class action was filed? Not to my knowledge. Not to my knowledge. At least not in this jurisdiction. Not by these individuals. Now, the so it was interesting. I think Judge Tolman asked Plaintiff's counsel, did the individuals have pre-2000 compensation claims? Now, they alleged a class claim and they're trying to reinstate a claim and proceed as a class action where there are no individual plaintiffs. Here's the relevant evidence. In the first complaint, none of these individuals, if you look at the individual allegations, paragraphs 49 to 64, ER 9 to 14, none of these individuals alleged compensation discrimination in the initial complaint. In the first amended complaint, that's ER 28 to 36, paragraphs 71 through 101, none of these individuals alleged compensation discrimination. They said, you know, we've been denied promotions and they were very specific. Boeing moved to dismiss the class claim and these individuals submitted declarations. In opposition to the motion to dismiss, this is in SER 15, Mara Ferrari's declaration, SER 18, Rhonda Kaff's declaration, SER 27, Beverly Trotter's declaration. They said, we have promotion claims, not class claims. Doreen Ferguson, the fourth of these plaintiffs, was deposed. Her deposition is at SER 308. She said, I've got a promotion claim, not a pay claim. The fifth, Kevin Bigelow, the fifth of these plaintiffs, opted out, tried his own case, and summary judgment was granted against him. So he's not here. So there really are four named plaintiffs. In responding to Boeing's motion to dismiss and in support of the settlement, their plaintiff, their counsel, the counsel who brought these claims initially said, these are individual claims. We're not alleging an across-the-board class action, which of course we can't. This is a narrow case involving claims of promotion discrimination. I would point to the court, SER 398 are the statements of the plaintiff's individual counsel. So these individuals, I would ask if there's any place in the record where the individuals have ever alleged a claim of compensation discrimination. The answer is no. Now, plaintiff's counsel then jumps to, well, did the pleadings somehow encompass class compensation claims? Is there relation back? Is there tolling? You don't get to that. Because these individuals, pre-2000, post-2000, have never alleged claims of compensation discrimination. Then, that's one reason. The 54B judgment. If we looked at the 54B judgment itself, I think that's at Sorry, I had all of these things right in front of me. That's at ER 457. The 54B judgment itself. So then we had the trial. And Judge Tolman was asking about this, but this is exactly right. I mean, the court said, we can have, of course, a pattern and practice of discrimination but no individual claims, or maybe the individuals have claims, no pattern practice. We just tried the pattern and practice promotion claims. And the jury ruled in favor of Boeing. The court ruled in favor of Boeing. In the 54B, it is ordered in a judge, pursuant to 54B, judgment is entered in favor of defendants to all claims alleged by members of the class certified in the court's order of January 21, 2005 and January 28, 2005. That's the 54B judgment. What was in the court's order of January 21 and 28, 2005? She had already ruled that there are no pre-2000 compensation claims. She certified a class of promotion claims, going back to 94, and compensation discrimination claims post-2000. That's what was certified. So the 54B judgment doesn't contain pre-2000 compensation discrimination claims. The court had already decided, and this is in her November order dismissing at SCR 398. The judge had already said, Judge Beckman had said, that there are no pre-2000 compensation claims. The court had already decided that these ---- Sorry, I misstated. That the individuals had not ---- let me get the exact language, I apologize. On page 398, the court's early order finding that these individuals had never alleged compensation claims, 398 on reading of the court's opinion lines 8 through 11, the factual allegations relating to these individual salaried employees specifically refer to discrimination promotions and hostile work environment but do not refer to discrimination in compensation. Do not refer to discrimination in compensation. The court had already ruled that these individuals had never alleged, had never asserted ---- I'm sorry. Are we together? Page 398, lines 8 through 11. The factual allegations relating to the individual salaried employees specifically refer to discrimination promotions, do not refer to discrimination in compensation. So having made that determination, which is quite right, supported by the record, that there never were allegations, she said that the new class compensation claim is post-2000. That's the class that she certified. Eventually she decertified it when she found that they didn't have post-2000 claims. So their individual claims were never alleged, never asserted. They were not part of the 54B judgment. And then whatever hypothetical claims they might have were in fact dismissed because eventually after the class claims were tried, Judge Peckman said we've got a number of individuals who may still have individual claims. Anybody who wants to proceed with a claim, come forward and proceed with any claim. And the court then dismissed all claims. Now, they didn't have any up in the court of appeals. All of their claims were dismissed. The final judgment was entered in May of 2007 after we did all of the briefing. That's why we did the supplemental motion to dismiss. So there are no claims. There are no plaintiffs. They have never alleged individual claims. And may I just say, in addition to the record, the notion that these four or five individuals, I mean Kevin Bigelow opted out, had summary judgment against him. They can't contend that he's a plaintiff of theirs as to this claim. But the contention that these individuals are here today seeking to pursue a pre-2000 claim of compensation discrimination is an absurd fiction. These people filed suit against Boeing claiming that they were discriminated against for promotions in a hostile environment. They were given a chance to try those cases. They tried the class action. They said we don't want to proceed any further and dismissed all of their claims. Why on earth would they be here trying to preserve a claim that they never alleged if they dismissed all of the claims that they did allege? And we know they allege promotion claims. We know they said we don't want to proceed with any of our claims. We know the district court dismissed all of their claims. Why on earth are the individuals, I mean, how does it, you know, pursuing their individual claims of compensation discrimination that they never, ever alleged? And there is no such allegation now. I'd be happy to talk about, because the Court has obviously not yet ruled on the jurisdictional issues, I'd be happy to talk about the sufficiency of the pleadings and the decertification. And I have some time left. I can do that. Do anybody have any questions on that? I don't, Judge Beezer. I don't think you need.  Okay. May I make one point on decertification? Absolutely. And you've got 6 minutes and 2 seconds to do it. It goes against all advice if the Court says no questions. But let me just say that, as the Court knows, the decision to decertify is upheld on an abuse of discretion. If you ever get there, it can be upheld for the reasons the Court gave or other reasons, and the – whatever you find with regard to jurisdiction, the fact that these individuals don't have compensation claims is an independent reason why the Court's decertification decision should be upheld, it must be upheld. The Court took great pains to make sure that absent class members still have the right and had the right to file claims of compensation discrimination. In fact, outside of the jurisdictional grounds, the narrowest grounds on which the Court could resolve this case would be to uphold the decertification decision for any of those reasons and not even reach the question of statute of limitations. We also think the Court was right with regard to statute of limitations. May I just suggest that the controlling law really are three Supreme Court cases, Twombly and then Ledbetter last term, and Falcone, on the sufficiency of pleadings. You know, in addition to Twombly on general allegations, Ledbetter says that it is necessary in a discrimination case to identify the particular employment practice with specificity, and Falcone says that in a class action, to avoid the vice of an across-the-board class action, you need to have the specific employment practice alleged, and of course, promotions are different from compensation claims. I think the Court has already addressed the issues of the consent decree. It was never effective. It says it's not admissible. And with regard to tolling, may I just say, under American Pipe and Crown Court Conceal, we agree there's tolling of the class claim from June of 2004, when the class claim was alleged, to November 2005, when the claim of compensation discrimination was decertified, and if any individual files a new compensation claim, there would be tolling during that period. But for all of the reasons, there is no plaintiff here alleging a pre-2000 compensation claim that must be dismissed. The Court's decertification decision clearly must be upheld if you even reach it, and the Court was correct with regard to the statute of limitations. Any other questions? Roberts. Thank you very much, Mr. Wright. Yes, absolutely. Sure. The voice counsel argued that the plaintiffs, the five-name plaintiffs before this Court, the appellants, have not been able to – have not appealed from the order dismissing their pre-May 2000 claims. Now, let me correct myself. The Court didn't dismiss those claims. The Court held that they were never alleged. But we specifically in our notice of appeal – Who are the parties that are going forward with those claims? The five – the appellants. Okay. And then I'm sorry to complicate things, but also some folks in Chicago who are making claims against non-heritage companies. But in this case, those five. We specifically appealed from the order on partial summary judgment that these specific people had not alleged a claim in 1998 for compensation of discrimination. That was fully briefed. We have fully briefed that. So the argument that those individuals never appealed from the order granting partial summary judgment on their pre-May 2000 claims just isn't correct. We did appeal from that. Now, maybe Boeing is saying, well, it really wasn't part of a Rule 54B appeal. It shouldn't have been appealed at that time. But as we pointed out, in our opposition of the motion to dismiss, this Court has held that, well, if a Rule 54B certification is improper or if the appeal from it is premature, once final judgment is entered, then certainly there is – that appeal does take effect. So we have appealed from that. We have not dropped that claim. We appealed it in February of 2006. The other point that I would like – the last point, because the Court understands our position, I know, but Boeing's attorney states that the plaintiffs did not allege a claim for compensation discrimination in the 2004 complaint, therefore it can't relate back to the 1998 complaint. On page 25 of our reply brief, we list several places where we specifically allege that. Paragraph 2 of that complaint says that, quote, plaintiffs in the class have been denied equal pay, close quote. Paragraph 1 – paragraph 10 says plaintiffs, quote, are qualified persons who have been denied the opportunity for promotion, equal pay, and overtime, close quote. And finally, paragraph 78 of the 2004 complaint says, quote, excessive subjectivity denied plaintiffs and the class the same compensation, promotions, and employment benefits as Boeing being made available to Caucasians, close quote. So we disagree with Boeing. We believe we did allege that. And again, I want to point out that Boeing did not move to dismiss those compensation claims in the 2004 complaint. They moved for summary judgment on the merits of those claims. All right. I'd like to thank both counsel. The case was very well argued. It is submitted for decision.
judges: Beezer, Tashima, Tallman